RENDERED: JUNE 23, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0272-MR


JACQUELINE CAUDILL                                                    APPELLANT


v.               APPEAL FROM PULASKI CIRCUIT COURT
                 HONORABLE TERESA WHITAKER, JUDGE
                 ACTION NO. 20-CI-00375


VILLAGER RESORT PROPERTIES,
LLC                                                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, McNEILL, AND TAYLOR, JUDGES.

COMBS, JUDGE: This is an appeal from a premises liability action filed by

Jacqueline Caudill, an invitee, against Villager Resort Properties, LLC (Villager

Resort) in Pulaski Circuit Court. Villager Resort denied responsibility for her

alleged damages. The case was tried before a jury, which considered the evidence

and apportioned liability between the parties. Caudill was awarded $8,530.90 as

compensation for part of her medical expenses. However, the jury rejected her

claim for both future medical expenses and for pain and suffering. On appeal, Caudill argues that the trial court erred by denying her motion for a new trial. After our review, we are compelled to disagree. Hence, we affirm the judgment.

On June 7, 2019, Caudill visited Villager Resort's premises. She walked up an exterior flight of wooden stairs, and after a time, she walked back down again. As she approached the bottom third of the steps, a tread gave way. Caudill slipped through the stairway to the ground beneath. She landed on her feet, but she suffered scrapes and minor bruising to her right forearm, torso, and thigh. Emergency medical services responded but did not provide treatment.

Later that day, Caudill went to Lake Cumberland Regional Hospital's emergency room where she complained of pain in her right elbow and forearm. The emergency room physician, Dr. Sean Rogers, noted that Caudill's report of pain was limited to "mid right forearm to the elbow." He observed minor bruising at Caudill's right forearm. Her neck was not tender, and she exhibited full range of movement. Dr. Rogers also observed that Caudill suffered with "superficial abrasions" to the back of her right thigh. Dr. Rogers noted that Caudill was able to walk easily and that she specifically denied wrist, neck, shoulder, and back pain. Finally, Dr. Rogers observed "pain-free palpation full range of motion right wrist hand and shoulder." He diagnosed Caudill with right elbow strain and released her.

Several days later, Caudill consulted with an attorney, who recommended that she visit Fugate Family Chiropractic. Caudill first saw the chiropractor on June 14, 2019. She described pain in her neck, mid-back, elbow, and forearm. Upon examination, the chiropractor reported severe limitations to Caudill's range of motion at her upper and lower back. She was diagnosed with muscle strain at her neck, thorax, and forearm. The chiropractor described pain or stiffness in Caudill's spine radiating to her shoulders and recommended a series of spinal adjustments and right elbow adjustments over the course of one month. Caudill left with ice packs.

During a final evaluation conducted on August 28, 2019, chiropractor Dr. Joshua Bakun assessed Caudill with an eight percent physical impairment based upon "continued pain in the neck, middle back, right elbow, radiating pain, muscular weakness, and non-uniform loss of range of motion." He estimated that Caudill would require "approximately $2,000 per year in palliative treatment." He referred her for an MRI, a neuro-surgical evaluation, and an orthopedic surgical evaluation. Dr. Bakun explained that he referred Caudill to Dr. Jarosz for an orthopedic surgical evaluation based upon recurring pain in Caudill's elbow. Caudill was billed $9,125.00 by Fugate Family Chiropractic. She eventually underwent surgery performed by Dr. Jarosz.

On May 29, 2020, Caudill filed her civil action against Villager Resort. After a period of pretrial discovery/practice, a jury trial was scheduled for October 25, 2021.

At trial, Caudill admitted that she suffered with neck and back pain before her fall at Villager Resort in June 2019. She also explained that she suffered a fall in her bathtub after June 2019, sustaining serious injury. Dr. Jarosz performed her surgery thereafter. Caudill confirmed that she incurred substantial debt associated with her chiropractic treatment by Dr. Bakun, who testified on her behalf. Dr. Jarosz did not testify at trial.

The jury returned its verdict on October 26, 2021. It awarded Caudill $12,186.98 for her past medical expenses -- reduced by 30 percent based upon the proportion of fault that it assigned to her. Caudill filed a timely motion for a new trial.

In her motion, Caudill argued that she was entitled to a new trial for three reasons. First, she contended that Villager Resort improperly insinuated at trial that Caudill's personal injury claim had been "orchestrat[ed] by [her] lawyers." She argued that this tactic was unduly prejudicial and that it violated public policy. She contended that the prejudicial effect of the tactic was made evident by the jury's decision to award her only a fraction of her medical expenses and nothing for her pain and suffering.

Next, she argued that counsel for Villager Resort made an improper reference to Caudill's eligibility for Medicare benefits during closing argument. She contended that this reference to a collateral source for payment of her anticipated future medical expenses also violated public policy.

Finally, Caudill argued that the trial court's exclusion of medical records relating to the surgery performed by Dr. Jarosz "had a prejudicial effect on the jury." Caudill explained that her testimony provided the primary evidence linking the surgery to the personal injury that she sustained on Villager Resort's premises. She argued that the trial court's refusal to permit the introduction of the medical records related to the surgery caused the jury to discount her testimony entirely. She contended that introduction of the disputed medical records could not have prejudiced Villager Resort because it "could have deposed the doctor who performed the surgery."

The trial court denied the motion. It noted that Caudill had raised no objection at trial to the allegedly "salacious arguments" made by defense counsel concerning the role of Caudill's attorneys in "orchestrating" the litigation. It also observed that she failed to provide the court with any references to the record -- or even an example of any allegedly improper argument. It concluded that Caudill waived any error.

The trial court also addressed Caudill's contention concerning defense counsel's reference to Caudill's eligibility for Medicare benefits. Again, it noted that Caudill made no contemporaneous objection at trial. Nevertheless, it concluded that there was no error because Caudill herself had opened the door to this evidence by arguing to the jury that she would be unable to pay for future medical care.

Finally, the trial court addressed Caudill's contention that it erred by excluding the medical records pertaining to the surgery performed by Dr. Jarosz. The trial court observed that it excluded the medical records -- in part -- because Caudill needed a "physician **to testify and to explain to the jury** the extent of [her] injuries and whether the injuries were the result of a fall through a set of stairs or as the result of a fall as [Caudill] was getting out of her bathtub." (Emphasis added.) This appeal followed.

On appeal, Caudill argues that the trial court abused its discretion by denying her motion for new trial. Reordering her arguments, she first addresses the allegedly improper exclusion of the medical records. She contends that the trial court's decision to exclude medical records related to her surgery constituted palpable error resulting in manifest injustice. The nature and extent of the injuries that Caudill sustained as a result of her fall at Villager Resort's premises were vigorously contested. Caudill testified that the injuries she sustained as a result of

-6-

her fall at Villager Resort were so severe that she needed to undergo surgery. Villager Resort contended that at least a substantial part of Caudill's injuries was sustained as a result of her fall in the bathtub -- *after* her fall on its steps. The trial court concluded that there was a risk that the jury could be confused by the admission of medical records related to Caudill's surgery if no expert testified that the surgery was required as a result of her fall at Villager Resort in June 2019.

We review a trial court's evidentiary rulings for abuse of discretion. *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575 (Ky. 2000). An abuse of discretion is shown by proving that the trial court acted in a manner that is unfair, arbitrary, unreasonable, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Even where it is relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of confusion of the issues. KRE[1] 403. Under the circumstances, the trial court did not abuse its discretion by excluding the medical records offered without sufficient explanation. Moreover, in view of the evidence presented to the jury as to the nature and extent of Caudill's injuries, we cannot conclude that the outcome of the trial would have been different if the excluded records had been admitted. CR[2] 61.01. We do not agree

---

[1] Kentucky Rules of Evidence.

[2] Kentucky Rules of Civil Procedure.

that the trial court's decision to exclude the medical records constituted a palpable error resulting in manifest injustice. The jury had substantial evidence before it upon which to base its award of limited damages.

Next, Caudill argues that she was deprived of a fair trial by defense counsel's suggestion to the jury that her claim was fabricated or exaggerated and that the litigation was driven by her attorneys. Again, she argues that this alleged error constituted palpable error resulting in manifest injustice.

Defense counsel is free to elicit testimony that tends to cast doubt about the validity and/or value of a plaintiff's claims. The ability to do so is integral to the art of litigation. Questions concerning the timing of Caudill's consultation with lawyers and the circumstances under which she came to treat with Fugate Family Chiropractic were directly relevant to Villager Resort's argument that she may have exaggerated her physical condition, need for medical care, and damages. There was no error, palpable or otherwise. The trial court did not err by denying the motion for new trial on this basis.

Finally, Caudill argues that the defense counsel's reference to her eligibility for Medicare benefits was improper. She again alleges palpable error resulting in manifest injustice.

However, when Caudill placed her financial hardship in issue, the trial court properly concluded that Villager Resort was entitled to rebut the claim by

showing that other financial means (*i.e.*, Medicare benefits) were available to her. The trial court did not err by concluding that Villager Resort was entitled to challenge Caudill's claim of financial distress where the jury might otherwise have been misled. *See Peters v. Wooten*, 297 S.W.3d 55 (Ky. App. 2009). She had opened the door for questioning as to her collateral source of income. There was no error on this issue -- much less palpable.

We affirm the judgment of the Pulaski Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Michael A. Johnson
Justin W. Noble
Hazard, Kentucky

BRIEF FOR APPELLEE:

Bridget L. Dunaway
London, Kentucky